FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 JUL 29 PM 3: 34

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CANDICE BUCKNER,

    Plaintiff,

vs.                                                     Case No. 3:14-cv-901-J-32JBT

CONSOLIDATED CITY OF
JACKSONVILLE, JACKSONVILLE FIRE
AND RESCUE DEPARTMENT,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, Candice Buckner, by and through her undersigned counsel, and alleges the following:

### NATURE OF THE ACTION

1. This is an action to remedy unlawful employment practices and civil rights violations, including Defendant's subjecting Plaintiff to a hostile work environment and disparate treatment, based on sex discrimination and retaliation. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e ("Title VII") and the Florida Civil Rights Act of 1992, Ch. 760, Fla. Stat. (2009) ("FCRA"). Plaintiff seeks equitable relief and damages including declaratory and injunctive relief, compensatory damages, punitive damages, attorney's fees, costs and other litigation expenses pursuant to 42 U.S.C. § 1988 and §760.11, Fla. Stat. (2009), interest, and all other relief this Court deems just and proper.

## PARTIES

2. Plaintiff Candice Buckner is a citizen of the United States, residing in the state of Florida, and an employee of the Defendant Consolidated City of Jacksonville, Jacksonville Fire and Rescue Department.

3. Defendant Consolidated City of Jacksonville is an employer within the meaning of Title VII and the FCRA and is located in Duval County, Florida. Jacksonville Fire and Rescue Department is a department or agency of the Consolidated City of Jacksonville and was at all times relevant, Buckner's employer.

4. At all material times, Buckner was an employee within the meaning of Title VII and the FCRA.

5. At all material times, Buckner's employment with Defendant was in Jacksonville, Florida, where, at all times material Defendant employed more than 15 persons.

6. All actions complained of occurred in Duval County, Florida.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction of all claims herein alleged, pursuant to 28 U.S.C. §§ 1343(a)(3)-(4) which provides original jurisdiction to this Court for all suits brought pursuant to Title VII. Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the causes of action arise under the Constitution and laws of the United States.

8. The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367.

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices occurred in this district, and

because Defendant resides in this district.

## CONDITIONS PRECEDENT

10. On or around July 2, 2013, Buckner timely filed an administrative charge against Defendant for discrimination based on sex and retaliation with the Equal Employment Opportunity Commission (EEOC), and the Florida Commission on Human Relations (FCHR) (Charge No. 510-2013-03977C). The Charge is attached hereto as Exhibit 1 and is incorporated herein by reference.

11. On or around May 2, 2014, the United Stated Department of Justice, Civil Rights Division, issued its Dismissal and Notice of Rights, which was received by Buckner several days later. The Notice of Rights is attached as Exhibit 2 and is incorporated herein by reference.

12. Fewer than 90 days have passed since Buckner received the Dismissal and Notice of Rights from the United States Department of Justice.

13. More than 180 days have passed since Buckner filed her charge, and the FCHR has not issued a determination on Buckner's charge.

14. All conditions precedent to asserting a claim under Title VII and the FCRA have been met.

## GENERAL ALLEGATIONS

15. In June 2004, Defendant City hired Buckner to work as a firefighter with the Jacksonville Fire and Rescue Department ("JFRD"). In 2008, Buckner tested for and was promoted to the position of Engineer. In 2011, Buckner tested for and was promoted to the position of Lieutenant.

16. Buckner is a licensed paramedic and registered nurse in the state of Florida.

17. In or around June 2012, Buckner complained that she had been subjected to a hostile work environment in the fire station to which she was assigned due to the presence and volume of sexually explicit and pornographic materials, and inappropriate behaviors, in the fire station.

18. Those complaints were brought to the attention of the Office of General Counsel for the Defendant City, the Director of the JFRD, Martin Senterfitt, and the officers who worked in the fire station to which Buckner was assigned.

19. Since that time, Buckner has been subjected to a hostile work environment, disparate, disciplinary treatment, and retaliatory measures by those within the JFRD.

20. From early spring 2012 until July 2013, Buckner was the only female on her shift and one of two females in the fire station (out of approximately 39 employees). After making her complaint, Buckner was repeatedly harassed by other officers and subordinates within the fire station and JFRD.

21. In February 2013, Lieutenant Dobson approached Lieutenant Buckner and stated that Buckner's teenage daughter would soon be of legal age for some fireman to "f---." Buckner told Dobson to knock it off, and he grabbed her arm, spun her around, and repeated his comment. Buckner and Dobson pushed one another, and Dobson was pushed out of the room. Buckner locked the door so he could not return. Dobson re-entered the area and approached Buckner again and continued to harass her. Battalion Chief Neal White was present and witnessed the event. White did nothing to mitigate or stop the incident.

22. During the spring of 2013, JFRD officer, Battalion Chief Neal White, spoke repeatedly of his intention to have Buckner removed from the fire station, stating, "if it's the last

thing I do, she is not staying here."

23. In addition, in April 2013, JFRD officers Lt. Geiger and Lt. Carrow held meetings to which she was not invited, and referred to her amongst her peers and subordinates as a "crazy bitch."

24. In March 2013, firefighter Sullivan posted negative and derogatory remarks on Buckner's social media webpage. Buckner notified Sullivan that he should cease the inappropriate behavior. In response, Sullivan told Buckner that she could not discipline him because she was only a "rescue lieutenant." Buckner notified Lieutenant Carrow, Sullivan's immediate supervisor, of Sullivan's behavior, to which Carrow refused to respond.

25. On April 4, 2013, Buckner finally confronted Lieutenant Carrow and stated that she intended to pursue discipline against firefighter Sullivan. Carrow told her that he would not "let" her discipline Sullivan and that she should transfer to another station. He also told her that "this is Station One, and we aren't changing because you're here. In fact, we come here to get away from our wives and girlfriends, and we can't do what we want because you're here." When she asked him what he meant, Lieutenant Carrow stated that "we aren't changing 150 years of tradition just because there's a bitch in the house now."

26. On April 10, 2013, Lieutenant Geiger was overheard asking firefighter Whitlow, "hey man, how's that piece of p----?" in reference to Buckner. Rather than discipline Lieutenant Geiger, Chief White asked Buckner, Lieutenant Geiger, and Engineer Cooksey to explain to him "what the problem [was]." Buckner advised Chief White that she did not want to discuss the matter in front of Lieutenant Geiger, to which Chief White responded that "no one [was] leaving the room" until the matter was resolved. Buckner told Chief White that he was allowing

5

inappropriate behavior to continue and that it was his job to stop it. Another witness was called in, refused to support Lieutenant Geiger's lies, and was dismissed.

27. On April 12, 2013, Captain Jenscke asked Buckner to discuss the situation pertaining to Lieutenant Geiger with Captains Jenscke and Reagor. Buckner explained the comment and context, to which Captain Reagor stated that he had also heard Lieutenant Geiger make comments about Buckner's personal life to subordinates. Captain Reagor asked Buckner to try and "work around" Geiger until he was transferred. Geiger never received any discipline related to this conduct.

28. On April 25, 2013, an issue arose concerning a patient to whom Station One responded. An investigation ensued concerning the actions of those involved with the patient's care. Lieutenant Carrow instructed the members of Engine One to "follow my lead, I've got this. She can't do anything, I'm the officer of Engine One and what I say goes."

29. Lieutenant Geiger called a meeting of personnel from Station One, excluding Buckner, concerning the p---y comment. Geiger stated, "we all need to stick together…this is just her making accusations, no one break from this statement, are we all clear on this?" It was explicitly asked by Ladder One personnel what was expected, and they were instructed by Geiger not to support Buckner, but to follow Geiger's comments, no matter what.

30. On April 28, 2013, Lieutenant Carrow moved out of the officer's bunk room, which is shared by Buckner, stating, "I'm not going to be alone with that crazy bitch."

31. On May 1, 2013, Lieutenant Geiger instructed other officers and firefighters not to talk to Buckner, that it is time to "freeze her out, we we'll just nip this crap in the butt." Later that day, Buckner overheard Chief White telling Lieutenant Geiger and Carrow that Buckner will

be transferred out shortly, not to worry about it, and that he's "got their backs."

32. On May 10, 2013, after several days of personal leave, Buckner returned to work and was confronted with open hostility by Lieutenants Geiger and Carrow, Firefighter Sullivan, and Engineer Cooksey. Comments were made on more than one occasion that were meant to exclude Buckner, such as, "all men to the table, time for brotherhood." In addition, when Engineer Hagans warned colleagues that it was in everyone's interest to leave Buckner alone, he was told by at least one firefighter that "the bitch can leave if she doesn't like it."

33. During this time, Buckner was constantly told by JFRD officers that she would be subjected to greater scrutiny and that she would be expected to live by the letter of the rules. For example, JFRD officers would be openly inspecting her uniform, response times to calls, performance at calls, and general "aptitude for the job." No other personnel were subjected to this heightened level of scrutiny.

34. In May 2013, Buckner finally submitted a transfer request for another station due to the hostile work environment she was subjected to by both JFRD officers and subordinates.

35. On June 1, 2013, Buckner's request was approved for transfer to Station 53.

36. On July 1, 2013, Captain Jenschke from Station One called Captain Williams at Station 53 to make sure that he was aware of the "problems" that Buckner caused at Station One, in case it happened again at Station 53.

37. On November 14, 2013, Lieutenant McManus, a female Lieutenant, was told to stay away from "that snake" for as long as she could, referring to Buckner.

38. Since Buckner's June 2012 complaints, she has been subjected to continuous harassment, disparate treatment, and hostile work environment. As a result, she has suffered, and

continues to suffer, emotional distress in the form of anxiety, depression, and damage to her professional reputation.

## COUNT I
### (Sex Discrimination in Violation of Title VII of the Civil Rights Act)

39. Buckner restates and incorporates herein the allegations of paragraphs 2 - 4, 7, 10 -11, 15 - 16, 20 - 21, 22 - 38 above.

40. Buckner is a member of a protected class in that she is a female.

41. Buckner's sex discrimination claims, encompassed in her Charge identified in this Complaint, are like or related to the allegations contained in the Charge and grew out of such allegations during the pendency of her case before the EEOC.

42. Buckner's gender was a motivating factor for the foregoing adverse actions, including Defendant's subjecting Buckner to offensive and unwelcome comments, refusal to stop the harassment that Buckner was subjected to, and refusal to discipline JFRD firefighters and officers who acted inappropriately and insubordinately.

43. Defendant intentionally subjected Buckner to discrimination based on her sex in violation of Title VII.

WHEREFORE, Buckner requests that this Honorable Court enter judgment in her favor and against Defendant:

    A.    Declaring Defendant's actions to be unlawful in violation of Title VII;

    B.    Permanently enjoining Defendant from future violations of Title VII;

    E.    Awarding Plaintiff compensatory damages;

    F.    Awarding Plaintiff reasonable attorney's fees and costs; and

    G.    Awarding such other relief as the Court deems just and proper.

## COUNT II
### (Sex Discrimination in Violation of the Florida Civil Rights Act)

44. Buckner restates and incorporates herein the allegations of paragraphs 2 - 4, 7, 10 -11, 15 - 16, 20 - 21, 22 - 38 above.

45. Buckner is a member of a protected class in that she is a female.

46. Buckner's sex discrimination claims, encompassed in her Charge identified in this Complaint, are like or related to the allegations contained in the Charge and grew out of such allegations during the pendency of her case before the EEOC.

47. Buckner's gender was a motivating factor for the foregoing adverse actions, including Defendant's subjecting Buckner to offensive and unwelcome comments, refusal to stop the harassment that Buckner was subjected to, and refusal to discipline JFRD firefighters and officers who acted inappropriately and subordinately.

48. Defendant intentionally subjected Buckner to discrimination based on her sex in violation of the FCRA.

WHEREFORE, Buckner requests that this Honorable Court enter judgment in her favor and against Defendant:

    A. Declaring Defendant's actions to be unlawful in violation of the FCRA;

    B. Permanently enjoining Defendant from future violations of the FCRA;

    E. Awarding Plaintiff compensatory damages;

    F. Awarding Plaintiff reasonable attorney's fees and costs; and

    G. Awarding such other relief as the Court deems just and proper.

## COUNT III
### (Retaliation in Violation of Title VII of the Civil Rights Act)

49.     Buckner restates and incorporates herein the allegations of paragraphs 2 - 4, 7, 10 -11, 15 - 16, 20 - 21, 22 - 38 above.

50.     In June 2013, Buckner opposed and complained to Defendant about the fact that there was pornographic material in the fire house and there was inappropriate behavior taking place, creating a hostile work environment for her.

51.     Following her complaint, Buckner was subjected to a hostile work environment and disparate treatment because she complained about and opposed the unlawful discrimination.

52.     Defendant's subjecting Buckner to a hostile work environment, and refusal to correct that problem, constitutes an adverse employment action and negatively affected the terms, conditions, and privileges of Buckner's employment in violation of Title VII.

53.     Defendant's actions are likely to dissuade a reasonable worker from complaining about, objecting to and/or opposing discriminatory treatment.

54.     Defendant's actions caused Buckner to suffer loss of enjoyment of life, humiliation, mental anguish, and emotional distress.

WHEREFORE, Buckner requests that this Honorable Court enter judgment in her favor and against Defendant:

        A.     Declaring Defendant's actions to be unlawful employment practices in violation of Title VII;

        D.     Permanently enjoining Defendant from future violations of Title VII;

        E.     Awarding Plaintiff compensatory damages;

        F.     Awarding Plaintiff reasonable attorney's fees and costs; and

      G.    Awarding such other relief as the Court deems just and proper.

## COUNT IV
### (Retaliation in Violation of the Florida Civil Rights Act)

55. Buckner restates and incorporates herein the allegations of paragraphs 2 - 4, 7, 10 -11, 15 - 16, 20 - 21, 22 - 38 above.

56. In June 2013, Buckner opposed and complained to Defendant about the fact that there was pornographic material in the fire house and there was inappropriate behavior taking place, creating a hostile work environment for her.

57. Following her complaint, Buckner was subjected to a hostile work environment and disparate treatment because she complained about and opposed the unlawful discrimination.

58. Defendant's subjecting Buckner to a hostile work environment, and refusal to correct that problem, constitutes an adverse employment action and negatively affected the terms, conditions, and privileges of Buckner's employment in violation of the FCRA.

59. Defendant's actions are likely to dissuade a reasonable worker from complaining about, objecting to and/or opposing discriminatory treatment.

60. Defendant's actions caused Buckner to suffer loss of enjoyment of life, humiliation, mental anguish, and emotional distress.

WHEREFORE, Buckner requests that this Honorable Court enter judgment in her favor and against Defendant:

      A.    Declaring Defendant's actions to be unlawful employment practices in violation of the FCRA;

      D.    Permanently enjoining Defendant from future violations of the FCRA;

      E.    Awarding Plaintiff compensatory damages;

    F.    Awarding Plaintiff reasonable attorney's fees and costs; and

    G.    Awarding such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

Dated: July 29, 2014

Respectfully submitted,

THE LAW OFFICE OF
KIRSTEN DOOLITTLE, PA

s/Kirsten Doolittle
Kirsten Doolittle
Florida Bar No. 0942391
207 North Laura Street, Suite 240
Jacksonville, FL 32202
Tel. (904) 551-7775
Fax (904) 513-9254
kd@kdlawoffice.com
*Attorney for Plaintiff*

# EXHIBIT 1

| \RGE OF DISC\_\_MINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form | ☐ FEPA | |
| The Privacy Act of 1974; See Privacy Act Statement before completing this form | ☒ EEOC | |

_____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Candice Buckner | (904) 626-8010 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2967 Jubilee Lane | Green Cove Springs, FL 32043 | 8/8/80 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Jacksonville Fire and Rescue Dept., City of Jacksonville | 500 + | (904) 630-0527 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 515 N. Julia Street | Jacksonville, FL 32202 | Duval |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

JUL 09 2013
EEOC Miami District Office

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE   ☒ SEX   ☐ RELIGION   ☐ AGE
☒ RETALIATION   ☐ NATIONAL OR   ☐ DISABILITY   ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE *EARLIEST (ADEA/EPA)  LATEST (ALL)*

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

Candice Buckner, a female Lieutenant (and paramedic) for the Jacksonville Fire and Rescue Department, was hired in June 2004. In or around mid-June 2012, Buckner complained that she had been subjected to a hostile work environment in the fire station due to the presence of inappropriate materials. Her complaints were not remedied until July 2012. Unfortunately, since that time, Buckner has continued to experience a hostile environment. Buckner is the only female on her shift, and one of two females in the station (out of approximately 39 employees). Buckner has been the subject of highly offensive, comments of an inappropriate sexual nature. She has been targeted by senior officers, who have spoken repeatedly of their intention to have Buckner removed from the fire station (i.e., one chief stating, "if it [is] the last thing I do, she is not staying here."]. In addition, other officers have held meetings, exclusive of her, in which Buckner was referred to as a "crazy b----." As a result, Buckner recently transferred to another station, but continues to experience retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| July 1, 2013   *Candice Buckner* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date   Charging Party *(Signature)* | |

# EXHIBIT 2



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2013 5215

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 2, 2014

Ms. Candice Buckner
c/o Kirsten Doolittle, Esquire
Law Office of Kirsten Doolittle
207 North Laura Street
Suite 240
Jacksonville, FL  32202

Re: EEOC Charge Against Jacksonville Fire & Rescue Dept., et al.
    No. 510201303977

Dear Ms. Buckner:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Miami District Office, Miami, FL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Jocelyn Samuels
Acting Assistant Attorney General
Civil Rights Division

by

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Miami District Office, EEOC
    Jacksonville Fire & Rescue Dept., et al.