UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CANDICE BUCKNER

　　　　　　　　　　　　　　　　　Case No. 3:14-cv-00901-J-32MCR

　　　Plaintiff,

v.

CONSOLIDATED CITY OF JACKSONVILLE,
JACKSONVILLE FIRE AND RESCUE
DEPARTMENT,

　　　Defendant.

_____/

## DEFENDANT, CITY OF JACKSONVILLE'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, City of Jacksonville (the "City"), hereby responds to the Plaintiff's Amended Complaint as follows:

## ANSWER

1.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies.

2.　　Defendant admits the allegations contained in paragraph 2 for purposes of jurisdiction only.

3.　　Defendant admits the allegations contained in paragraph 3.

4.　　Defendant admits the allegations contained in paragraph 4.

5.　　Defendant admits the allegations contained in paragraph 5.

6.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies them.

7.      Defendant admits the allegations contained in paragraph 7 for jurisdictional purposes only, and otherwise denies them.

8.      Defendant admits the allegations contained in paragraph 8.

9.      Defendant admits that the Middle District of Florida is the proper venue for Plaintiff's action, and denies the remainder.

## CONDITIONS PRECEDENT

10.     Defendant admits Plaintiff filed Charge No. 510-2013-03977 with the Equal Employment Opportunity Commission (EEOC) against Defendant which was received by EEOC on July 9, 2014.  Defendant further admits that Charge No. 510-2013-03977 is attached to Plaintiff's Amended Complaint as Exhibit 1, and incorporated by reference.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10, and therefore denies.

11.     Defendant admits that the United States Department of Justice, Dismissal and Notice of Rights dated May 2, 2014 is attached to Plaintiff's Amended Complaint.

12.     Defendant admits that Buckner filed her initial Complaint within 90 days of receiving the Dismissal and Notice of Rights from the United States Department of Justice.

13.     Defendant is without knowledge or information sufficient to form a belief as to whether Buckner filed a claim with FCHR, and therefore denies the allegations contained in paragraph 13.

14.     Defendant admits the allegations contained in paragraph 14.

## GENERAL ALLEGATIONS

15.     Defendant admits the allegations contained in paragraph 15.

16.     Defendant admits the allegations contained in paragraph 16.

2

17.     Defendant denies the allegations contained in paragraph 17.

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant denies the allegations contained in paragraph 19.

20.     Defendant denies the allegations contained in paragraph 20.

21.     Defendant denies the allegations contained in paragraph 21.

22.     Defendant denies the allegations contained in paragraph 22.

23.     Defendant denies the allegations contained in paragraph 23.

24.     Defendant denies the allegations contained in paragraph 24.

25.     Defendant denies the allegations contained in paragraph 25.

26.     Defendant denies the allegations contained in paragraph 26.

27.     Defendant denies the allegations contained in paragraph 27.

28.     Defendant denies the allegations contained in paragraph 28.

29.     Defendant denies the allegations contained in paragraph 29.

30.     Defendant denies the allegations contained in paragraph 30.

31.     Defendant admits Lieutenants Carrow and Buckner had a disagreement about the handling of a patient issue on April 25, 2013.  Defendant denies the remaining allegations contained in paragraph 31.

32.     Defendant denies the allegations contained in paragraph 32.

33.     Defendant admits that Lieutenant Carrow moved out of the officer's bunk room into a single bunkroom.  Defendant denies the remaining allegations contained in paragraph 33.

34.     Defendant denies the allegations contained in paragraph 34.

35.     Defendant denies the allegations contained in paragraph 35.

36.     Defendant denies the allegations contained in paragraph 36.

37.     Defendant admits that Buckner submitted a transfer request in May, 2013, which was granted.  Defendant denies the remaining allegations contained in paragraph 37.

38.     Defendant denies the allegations contained in paragraph 38.

39.     Defendant admits the allegations contained in paragraph 39.

40.     Defendant denies the allegations contained in paragraph 40.

41.     Defendant denies the allegations contained in paragraph 41.

42.     Defendant denies the allegations contained in paragraph 42.

43.     Defendant admits the allegations contained in paragraph 43.

44.      Defendant admits Buckner was written up for being late for her shift.  Defendant denies the remaining allegations contained in paragraph 44.

45.     Defendant admits that both male and female employees are sometimes allowed to hold over for colleagues without being written up when the hold over is mutually agreed upon and approved.

46.     Defendant denies the allegations contained in paragraph 46.

47.     Defendant denies the allegations contained in paragraph 47.

48.     Defendant denies the allegations set forth in paragraph 48.

49.     Defendant admits Plaintiff has engaged the services of an attorney.  Defendant is without sufficient knowledge or information to form a belief as to the remainder of paragraph 49, and therefore denies.

## COUNT I

50.     Defendant re-alleges its answers in paragraphs 2 – 6, 10-13, 15-49 above, and incorporates them herein.

51.     Defendant admits the allegations in paragraph 51.

52.     Defendant denies the allegations contained in paragraph 52.

53.     Defendant denies the allegations contained in paragraph 53.

54.     Defendant denies the allegations contained in paragraph 54.

55.     Defendant denies the allegations contained in paragraph 55.

56.     Defendant denies the allegations contained in paragraph 56.

57.     Defendant denies the allegations contained in paragraph 57.

58.     Defendant denies the allegations contained in paragraph 58.

59.     Defendant denies the allegations contained in paragraph 59.

60.     Defendant denies the allegations contained in paragraph 60.

61.     Defendant denies the allegations contained in paragraph 61.

**WHEREFORE**, Defendant requests that Plaintiff's requests for relief based upon the allegations in Count I be denied.

## COUNT II

62.     Defendant re-alleges its answers in paragraphs 2 – 6, 10-13, 15-49 above, and incorporates them herein.

63.     Defendant admits the allegations contained in paragraph 63.

64.     Defendant denies the allegations contained in paragraph 64.

65.     Defendant denies the allegations contained in paragraph 65.

66.     Defendant denies the allegations contained in paragraph 66.

67.     Defendant denies the allegations contained in paragraph 67.

68.     Defendant denies the allegations contained in paragraph 68.

69.     Defendant denies the allegations contained in paragraph 69.

70.     Defendant denies the allegations contained in paragraph 70.

71.     Defendant denies the allegations contained in paragraph 71.

72.     Defendant denies the allegations contained in paragraph 72.

73.     Defendant denies the allegations contained in paragraph 73.

**WHEREFORE**, Defendant requests that Plaintiff's requests for relief based upon the allegations in Count II be denied.

## COUNT III

74.     Defendant re-alleges its answers in paragraphs 2 – 6, 10-13, 15-49 above, and incorporates them herein.

75.     Defendant denies the allegations contained in paragraph 75.

76.     Defendant denies the allegations contained in paragraph 76.

77.     Defendant denies the allegations contained in paragraph 77.

78.     Defendant denies the allegations contained in paragraph 78.

79.     Defendant denies the allegations contained in paragraph 79.

80.     Defendant denies the allegations contained in paragraph 80.

81.     Defendant denies the allegations contained in paragraph 81.

82.     Defendant denies the allegations contained in paragraph 82.

**WHEREFORE**, Defendant requests that Plaintiff's requests for relief based on the allegations in Count III be denied.

## COUNT IV

83.     Defendant re-alleges the answers in paragraphs 1 through 49 above and incorporates them herein.

84.     Defendant denies the allegations contained in paragraph 84.

85.     Defendant denies the allegations contained in paragraph 85.

86.     Defendant denies the allegations contained in paragraph 86.

87.     Defendant denies the allegations contained in paragraph 87.

88.     Defendant denies the allegations contained in paragraph 88.

89.     Defendant denies the allegations contained in paragraph 89.

90.     Defendant denies the allegations contained in paragraph 90.

91.     Defendant denies the allegations contained in paragraph 91.

**WHEREFORE**, Defendant requests that Plaintiff's requests for relief based on the allegations in Count IV be denied.

## JURY DEMAND

Defendant demands a trial by jury on all claims and causes of action so triable.

## SPECIAL, ALTERNATIVE AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable limitation periods.

### Second Affirmative Defense

The Complaint does not state a claim upon which relief may be granted under Title VII of the Civil Rights Act or under the Florida Civil Rights Act.

### Third Affirmative Defense

Damages are limited by the terms of Title VII of the Civil Rights Act and the sovereign immunity limits of Chapter 768, Florida Statutes.

### Fourth Affirmative Defense

Defendant alleges that the Court is without jurisdiction over any claim or allegation not made in Plaintiff's EEOC Charge.

**Fifth Affirmative Defense**

Plaintiff has failed to mitigate her damages with reasonable diligence.

**Sixth Affirmative Defense**

Plaintiff is not entitled to any relief under Title VII of the Civil Rights Act of 1964, as amended, for any alleged conduct occurring more than 300 days before the filing of the charge of discrimination.

**Seventh Affirmative Defense**

Plaintiff is not entitled to any relief for, and her claims are barred by, any alleged acts or omissions that exceed the scope of the charges filed with EEOC.

**Eighth Affirmative Defense**

Defendant alleges that Plaintiff's rights under Title VII and FCRA were not violated, and Plaintiff was afforded all of the rights, privileges and immunities granted by the Title VII and FCRA.

**Ninth Affirmative Defense**

The City had legitimate, non-discriminatory, and non-retaliatory reasons for all employment actions taken with respect to Plaintiff.

**Tenth Affirmative Defense**

Plaintiff cannot establish a claim of retaliation, as there is no causal connection between any alleged protected activity and the alleged adverse employment action.

**Eleventh Affirmative Defense**

Any claim contained in Plaintiff's Complaint which is not set forth in Plaintiff's operative EEOC charge has not been administratively exhausted, and therefore may not be legally pursued through this action, nor may it be the basis for obtaining relief in this case.

## Twelfth Affirmative Defense

Defendant alleges that the Jacksonville Fire and Rescue Department encompasses both a suppression division and a rescue division which have different duties as well as different chains of command for disciplining employees.

## Thirteenth Affirmative Defense

Defendant alleges Standard Administrative Procedure 304.04 governing Letters of Counseling states, "If the employee is assigned to a new supervisor within a 2 year period, the existing supervisor should exchange counseling information with the new supervisor."

## Fourteenth Affirmative Defense

Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior or other unlawful contact toward Plaintiff, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by employer or to avoid harm otherwise.

## Fifteenth Affirmative Defense

Defendant alleges that assuming, *arguendo*, any employee or agent of Defendant engaged in any discrimination or other unlawful conduct toward Plaintiff, that conduct was contrary to Defendant's express policies, occurred outside of the scope of any employment or agency relationship, and cannot be attributable to Defendant.

## Sixteenth Affirmative Defense

Defendant alleges that, assuming *arguendo* any employee of Defendant engaged in any discrimination or other unlawful conduct toward Plaintiff, Defendant neither knew nor reasonably should have known of the unlawful conduct and did not authorize, ratify or consent to any unlawful conduct.

## Seventeenth Affirmative Defense

Defendant alleges that it does not presently know all of the facts concerning the allegations in the Complaint sufficiently to state all affirmative defenses at this time, and reserves the right to seek leave to amend this Answer should it later discover facts to support additional affirmative defenses.

## Eighteenth Affirmative Defense

Defendant is not liable for punitive damages.

## Nineteenth Affirmative Defense

The Jacksonville Fire and Rescue Department is a department of the City of Jacksonville and is not an entity subject to suit.

DATED this 14th day of November, 2014.

Respectfully submitted by:

*/s/ Kelly H. Papa*
Kelly H. Papa
Assistant General Counsel
Florida Bar No. 0178004
David J. D'Agata
Chief of Commercial Litigation
Florida Bar No. 663891
City of Jacksonville
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 630-1700 (Telephone)
(904) 630-1316 (Facsimile)
Kpapa@coj.net
dagata@coj.net
*Counsel for Defendant, the City of Jacksonville*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of November, 2014, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send notice of

electronic filing to the following:

Kirsten Doolittle, Esq.
The Law Office of Kirsten Doolittle
207 N. Laura Street, Suite 240
Jacksonville, Florida 32202
kd@kdlawoffice.com
*Counsel for Plaintiff*

*/s/ Kelly H. Papa*
Kelly H. Papa
*Counsel for Defendant, the City of
Jacksonville*

11